UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN T. WILLIAMS,

Plaintiff,

-v-

RICHARD SULLIVAN *et al.*,

Defendants.

---

24 Civ. 8985

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Plaintiff John T. Williams, a Georgia resident, brings this fee-paid *pro se* action against the Hon. Richard J. Sullivan, a judge on the United States Court of Appeals for the Second Circuit, and other federal officials. Dkt. 1 ("Compl."). The action arises from a federal criminal case supervised by Judge Sullivan while he was a federal district judge in this District, which resulted in Williams's conviction by a jury on July 12, 2016. Judge Sullivan sentenced Williams to five years in prison followed by three years of supervised release. On March 28, 2022, Judge Sullivan, then sitting by designation on this Court, denied Williams's motion to vacate or set aside his conviction under 28 U.S.C. § 2255.

In this lawsuit, Williams claims Judge Sullivan and several unnamed federal officials involved with his case violated his constitutional rights during the criminal proceedings against him. Williams brings claims of: (1) illegal search and seizure under the Fourth Amendment; (2) "lack of proper judicial authority" under the Fifth Amendment; (3) "denial of legal representation" under the Sixth Amendment; (4) cruel and unusual punishment under the Eighth Amendment; (5) "selective prosecution" under the Fourteenth Amendment; (6) "unlawful foreclosure of properties" under the Supremacy Clause; (7) "failure to charge a substantive

offense" under the Fifth Amendment; and (8) "prolonged pretrial detention" under the Eighth Amendment. *See* Compl. at 2–3. He seeks $325 million in compensatory damages, punitive damages, and injunctive and declaratory relief.

This Court has the authority to dismiss a civil action *sua sponte*, even where the plaintiff has paid the filing fee, if it determines that the action is frivolous. *See Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). The Court also may dismiss an action *sua sponte* for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation omitted). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is frivolous when either: (1) the factual contentions are clearly baseless; or (2) the claim is based on an indisputably meritless legal theory." (cleaned up)).

Dismissal is warranted here. The instant suit is the latest installment in a documented history of vexatious, duplicative, or otherwise meritless lawsuits filed by Williams. Indeed, the claims in the present action mirror, or closely track, previous claims by Williams arising out of his prosecution and sentencing—all of which have been dismissed. *See, e.g., Williams, Scott & Assocs. LLC v. Bharara*, No. 18 Civ. 5567, 2021 WL 467252, at *7 (S.D.N.Y. Feb. 8, 2021); *Williams et al. v. United States*, 19 Civ. 837 (S.D.N.Y. July 3, 2019); *Williams v. Fuqua*, 16 Civ. 986 (N.D. Ga. Jan. 24, 2017); *Williams v. Orion Payment Sys.*, 16 Civ. 984 (N.D. Ga. Jan. 23, 2017). This action marks "no departure" from Williams's "pattern of filing frivolous or other meritless actions." *Williams*, 2021 WL 467252, at *7.

Williams claims, *inter alia*, that Judge Sullivan, being a Circuit Judge, lacked jurisdiction over the § 2255 motion. Compl. at 2. But the proper means of relief for such was for Williams to appeal the dismissal of that action, not to bring a lawsuit against Judge Sullivan.[1] And indeed, Williams filed a notice of appeal, but the Second Circuit denied relief, declining to issue a certificate of appealability. *See Williams v. United States*, No. 22-885 (2d Cir. Nov. 14, 2022).

Williams also made the same argument in a Rule 60(b) motion that he brought in his § 2255 matter. Judge Sullivan rejected that argument as procedurally improper and meritless:

> Williams's first argument—asserting that a circuit court judge may not sit by designation to decide a district court habeas petition—challenges the Court's jurisdiction over his previous section 2255 proceeding and thus falls within the ambit of Rule 60(b). But as with the rest of Williams's motions, this issue has already been raised and decided by the Court. (*See* Doc. No. 293 at 4–5 (addressing Williams's "dissatisfaction with the fact that his petition remained on [my] docket pursuant to 28 U.S.C. § 291 even after [I] was appointed as a Circuit Judge for the Second Circuit"); Doc. No. 289 at 3–4 (denying motion for recusal from presiding over section 2255 motion based on designation).) In any case, the argument renewed here continues to lack merit.
>
> . . . As this Court has already explained (Doc. No. 289 at 3–4), statutory authority expressly provides for my designation as a district judge to continue presiding over Williams's criminal case. *See* 28 U.S.C. § 291(b) ("The chief judge of a circuit or the circuit justice may, in the public interest, designate and assign temporarily any circuit judge within the circuit . . . to hold a district court in any district within the circuit."); *id*. § 296 (requiring that a judge "discharge . . . all judicial duties for which he is designated and assigned"). Consistent with this statutory grant, and the "longstanding and routine practice in this Circuit," circuit judges have been temporarily designated as district judges for the purpose of continuing to hear the matters that were assigned to them when they sat on the district court. *United States v. Feagins*, No. 17-cr-377 (RJS), 2023 WL 5274670, at *1 (S.D.N.Y. Aug. 16, 2023) (collecting cases). Such matters may include section 2255 motions, which, as the Court has previously explained, are typically heard by "the judge who oversaw the trial and sentencing in the court of conviction." (Doc. No. 293 at 4–5 (citations omitted)).

---

[1] The Court further reminds Williams that, as stated in its order on November 27, 2024, the doctrine of absolute immunity insulates judges from liability for acts performed during the course of their official duties. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

3

*Williams v. United States*, No. 20 Civ. 1554 (S.D.N.Y. Aug. 8, 2024) (Dkt. 42). Undeterred, Williams reprised this argument in two motions filed on the docket of that case, seeking Judge Sullivan's recusal and "to clarify and correct" the Rule 60(b) ruling. *See* Dkts. 43, 44.

Although *pro se* filings trigger a special degree of solicitude from the Court, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), such does not rescue Williams's claims here. Williams's claims are based on "indisputably meritless legal theor[ies]." *Livingston*, 141 F.3d at 437. Judge Sullivan was clearly correct to deny Williams's claims as baseless. The Court dismisses his similar claims here as frivolous.

Williams's claims against the FBI and U.S. Attorney defendants involved in his case must also be dismissed because they are barred by claim preclusion. Under that doctrine, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). The claims Williams brings in this suit are similar or identical to those he has brought in at least two other cases in this District—most recently, in *Williams*, 2021 WL 467252, at \*7. The Court there *sua sponte* held that Williams was barred from relitigating those claims, because another court in this District had resolved and rejected Williams's claims against the FBI officials and U.S. Attorneys who participated in his prosecution. *See Williams*, 2021 WL 467252, at \*6 ("By order dated July 3, 2019, Chief Judge McMahon dismissed those claims for failure to state a claim. . . . [T]he individual defendants [Williams] sues here are identical to those he sued in [that case]."). So too here. Williams's claims against those defendants are barred by claim preclusion.

The Court warns Williams that his documented history of filing harassing, vexatious, and duplicative lawsuits supports the imposition of sanctions were he to pursue claims of this nature again. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (citation omitted)); *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."); *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) (imposing sanctions where the "litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints" (citation omitted)); *Grogan v. United States*, No. 13 Civ. 597, 2014 WL 1028828, at *4 (N.D.N.Y. Mar. 17, 2014) ("Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts."[2]

The Court respectfully directs the Clerk of Court to mail a copy of this order to Williams and to confirm the fact of such service on the docket of this case. The Court also directs the Clerk of Court to close all pending motions and to dismiss this action with prejudice.

---

[2] Plaintiff is already barred from filing any new civil action in this court *in forma pauperis* ("IFP") without first obtaining permission from the court to file. *See Williams v. United States*, No. 20 Civ. 3101 (S.D.N.Y. July 30, 2020), *appeal dismissed*, No. 20-3138 (2d Cir. Oct. 22, 2020). Courts within this District have *sua sponte* dismissed cases for which Williams paid the fee. *See Williams v. United States*, No. 19 Civ. 1630 (S.D.N.Y. Aug. 26, 2019); *Williams*, No. 19 Civ. 837. Moreover, Plaintiff has already been warned that a filing injunction could be imposed if he pays the fee to file a frivolous complaint. *See Williams*, No. 19 Civ. 1630 (Dkt. 2 at 3–4 n.4) (the Court "may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court") (citing *In re Martin-Trigona*, 9 F.3d 226, 228–30 (2d Cir. 1993)).

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: January 14, 2025
       New York, New York