UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN T. WILLIAMS,

                        Plaintiff,

        -v-

RICHARD SULLIVAN *et al.*,

                        Defendants.

24 Civ. 8985

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On January 14, 2025, the Court *sua sponte* dismissed with prejudice *pro se* plaintiff John T. Williams's suit against the Hon. Richard Sullivan of the United States Court of Appeals for the Second Circuit and other federal officials. Dkt. 10 (the "Order"). Williams now seeks reconsideration of that decision pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 11 ("Pl. Mem."). For the reasons that follow, the motion is denied.

### I. Background

This action arises out of a criminal proceeding related to a Federal Trade Commission enforcement action that, following a jury trial, resulted in Williams's conviction on July 12, 2016. Order at 1. Judge Sullivan, who presided over Williams's trial while he was a federal judge in this District, sentenced Williams to five years in prison and three years of supervised release. *See id.* On February 20, 2020, Judge Sullivan, sitting by designation as a Second Circuit judge on the district court, denied Williams' motion to vacate or set aside his conviction under 28 U.S.C. § 2255. *See id.*

On November 20, 2024, Williams brought this action against Judge Sullivan and several FBI officials and U.S. Attorneys involved with his case, claiming that they violated several of his

1

constitutional rights. *See id.* at 1–2. On January 14, 2025, this Court *sua sponte* dismissed the case, finding the claims against Judge Sullivan frivolous, *id.* at 4, and the claims against the federal agents barred by claim preclusion, insofar as those claims were adjudicated on the merits in previous suits within this District, *id.* at 4–5. The Court further warned that, given Williams's "documented history of filing harassing and duplicative lawsuits," that "continued frivolous filings will expose Williams to sanctions." *Id.* at 5.

## II. Motion for Reconsideration

Williams now moves for reconsideration of the Order pursuant to Rule 60(b). The standard governing motions for reconsideration under Federal Rule of Civil Procedure 60(b) "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. L.R. 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced," *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Rule 60(b) is thus considered a "mechanism for extraordinary judicial relief invoked only if the moving party

2

demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted).

Williams fails to meet this high bar. He reprises, for instance, his claim that "Judge Richard Sullivan, who presided over Plaintiff's § 2255 motion and other proceedings, was not properly designated . . . [which] rendered his rulings void." Pl. Mem. at 1–2. He further repeats his argument that "[t]he concealment of Judge Sullivan's lack of designation . . . constitute[s] fraud upon the court." *Id.* at 2. In support of these claims, Williams filed a motion to take judicial notice of exhibits that purport to show that Judge Sullivan was not properly designated to oversee the § 2255 motion. *See* Dkt. 12. But these arguments were considered and rejected in this Court's original dismissal of the action. As stated in the Order, the proper means by which to challenge Judge Sullivan's ruling on the § 2255 was to appeal it, not to bring a lawsuit against Judge Sullivan. *See* Order at 3. And indeed, Williams filed a notice of appeal, but the Second Circuit declined to issue a certificate of appealability. *See Williams v. United States*, No. 22-885 (2d Cir. Nov. 14, 2022). In any event, Williams made an identical argument in a Rule 60(b) motion that he brought in the § 2255 matter, which Judge Sullivan rejected as procedurally improper and meritless. *See Williams v. United States*, No. 20 Civ. 1554 (S.D.N.Y. Aug. 8, 2024) ("As this Court has already explained, statutory authority expressly provides for my designation as a district judge to continue presiding over Williams's criminal case." (citing 28 U.S.C. § 291(b)).

Williams further argues on reconsideration that the warrant "used to search Plaintiff's business premises" was invalid insofar as it "lack[ed] a signed certification page and was obtained under fraudulent pretenses," *id.* at 1, and motions for judicial notice of a copy of the warrant, Dkt. 12. But this claim, too, was dealt with in the Order. Claims arising out of

3

Williams's criminal prosecution are barred by claim preclusion insofar as such claims were adjudicated on the merits in at least two cases brought by Williams within this district. The first, *Williams v. United States*, No. 19 Civ. 837 (S.D.N.Y. July 3, 2019), dismissed such arguments for failure to state a claim. The second, *Williams v. Bharara*, No. 18 Civ. 5567, 2021 WL 467252 (S.D.N.Y. Feb. 8, 2021), barred Williams from relitigating such claims on the merits. *See id.* at *6 ("Plaintiff's claims here arise out of the same events—the actions underlying the FTC case—and were or could have been raised in those previously adjudicated actions. Plaintiff is therefore precluded from relitigating those federal claims in the present action."). This Court so too held in its Order. That conclusion remains undisturbed on reconsideration.

Insofar as Williams here merely reprises arguments considered and rejected in its original Order, and does not point to any "controlling decisions or data that the court overlooked" in its previous decision, *Analytical Surveys*, 684 F.3d at 52, the Rule 60(b) motion is denied.

The Court respectfully directs the Clerk of Court to mail a copy of this order to Williams and to confirm the fact of such service on the docket of this case. The Clerk of Court is also respectfully directed to close all pending motions. The case remains closed.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: March 3, 2025
    New York, New York

4